IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CORDELL CURRY STEWART, | ) | 8:08CV92 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| TOM P. MCKENNEY, STATE OF | ) | |
| NEBRASKA, CITY OF OMAHA, | ) | |
| and DOUGLAS COUNTY | ) | |
| PROSECUTOR'S OFFICE, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint on March 4, 2008. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 4.) Plaintiff also filed an Application for Writ of Habeas Corpus (filing no. 6), which is pending as of the date of this Memorandum and Order. The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.     INITIAL REVIEW OF COMPLAINT

### A.     Summary of Complaint

Plaintiff Cordell Curry Stewart filed his Complaint[1] on March 4, 2008 against four Defendants, Tom P. McKenney, the State of Nebraska, the City of Omaha, and the Douglas County Prosecutor's Office. (Filing No. 1 at CM/ECF p. 1.) Tom P.

---

[1] Plaintiff also submitted three amendments to his Complaint (filing no. 8, filing no. 9, and filing no. 10), which contain case citations and an allegation of jurisdiction. The court will treat these amendments as supplemental to the original Complaint for purposes of the Memorandum and Order. NECivR 15.1(b).

McKenney is a county prosecutor employed by the Douglas County Prosecutor's Office. (*Id.* at CM/ECF p. 2.) Plaintiff states that he is a prisoner in the Douglas County Correctional Center in Omaha, Nebraska. (*Id.*)

Condensed and summarized, Plaintiff alleges that he was wrongfully convicted because Tom P. McKenney maliciously prosecuted him. (*Id.* at CM/ECF pp. 5-8.) Specifically, he alleges that Mr. McKenney excited "the passions of the jury against the accused" by telling them that Plaintiff "brided" his witness with "drugs and money." (*Id.*) Plaintiff also alleges that Mr. McKenney possessed a conflict of interest because he previously represented Plaintiff on "a drug possession charge in 1992." (*Id.*) Plaintiff seeks a monetary award for "pain and suffering" in the amount of $100,000,000.00. (*Id.* at CM/ECF p. 7.)

### B. Applicable Legal Standards on Initial Review

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *See generally, Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted). Regardless of whether a plaintiff is represented or appearing pro se, the plaintiff's complaint must allege

specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

**C.    Discussion of Claims**

1.    Claims Against the State of Nebraska

The Eleventh Amendment to the U.S. Constitution bars claims for monetary relief by private parties against a state, a state agency or an employee of a state in his or her official capacity. *See, e.g., Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("[A] suit by private parties seeking to impose a liability which must be paid from public funds in the state treasury is barred by the Eleventh Amendment."). Further, such an award of retroactive monetary relief payable by the state, including for back pay or damages, is proscribed by the Eleventh Amendment unless the state has waived immunity or there has been an override of immunity by Congress. *See, e.g., Dover Elevator Co. v. Arkansas State Univ.*, 64 F.3d 442, 444 (8th Cir. 1995); *Nevels v. Hanlon*, 656 F.2d 372, 377-378 (8th Cir. 1981).

Here, Plaintiff seeks only monetary relief. (*Id.* at CM/ECF p. 7.) As set forth above, the State of Nebraska cannot be sued for monetary relief because it enjoys

sovereign immunity from such claims. Therefore, Plaintiff's claims against the State of Nebraska are dismissed pursuant to 28 U.S.C. § 1915(e).

2. Claims Against the City of Omaha and the Douglas County Prosecutor's Office.

Plaintiff seeks relief against two municipal defendants, the City of Omaha and the Douglas County Prosecutor's Office. The court construes the claim against the Prosecutor's Office as a claim against Douglas County, Nebraska. A municipal defendant may only be liable under section 1983 if its "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3) That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege any municipal policy or custom which caused him injury. In fact, his allegations only address specific conduct by Mr. McKenney. Thus, Plaintiff has not set forth sufficient facts to nudge his claim against the City of Omaha and Douglas County across the line from conceivable to plausible under the *Jane Doe* standard. However, on its own motion, the court will permit Plaintiff 30 days in which to amend his Complaint to clearly state a claim upon which relief can be granted and to sufficiently allege the three parts of the *Jane Doe* standard. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 1), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims. In the absence of the filing of an amended complaint in accordance with this Memorandum and Order, this matter will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### 3. Claims Against Tom P. McKenney

Plaintiff alleges that he was wrongfully convicted because Tom P. McKenney maliciously prosecuted him. (*Id.* at CM/ECF pp. 5-8.) "Prosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) (citations omitted). Thus, absolute immunity attaches when a prosecutor's actions are "prosecutorial" rather than "investigatory or administrative." *Id.* Where a prosecutor's actions are investigatory or administrative, that individual is entitled only to qualified immunity. *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996).

The focus in determining the nature of the prosecutor's actions is "whether the [prosecutor's] act was closely related to [his] role as advocate for the state." *Id.* at 1267. The official seeking the protection of absolute prosecutorial immunity "'bears the burden of showing that such immunity is justified for the function in question.'"

5

*Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003) (quoting and citing *Burns v. Reed*, 500 U.S. 478, 486 (1991)).

Plaintiff alleges that he was wrongfully convicted because Mr. McKenney excited "the passions of the jury against the accused" by telling them that Plaintiff "brided" his witness with "drugs and money." (*Id.* at CM/ECF pp. 5-8.) These allegations describe actions taken by Mr. McKenney during his presentation of the states's case, actions entitled to absolute immunity. See *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976) (holding prosecutor is absolutely immune for actions taken in presenting state's case). Because he enjoys absolute prosecutorial immunity, the claims against Defendant McKenney are dismissed with prejudice.

## II.     PLAINTIFF'S PENDING MOTION

Plaintiff also filed an Application for Writ of Habeas Corpus ("Application"). (Filing No. 6.) However, claims relating to the validity of an individual's incarceration may not be brought in a civil rights case, regardless of the relief sought. As set forth by the Supreme Court in *Preiser v. Rodriquez*, 411 U.S. 475 (1973) and *Heck v. Humphrey*, 512 U.S. 477 (1994), if success on the merits of a civil rights claim would necessarily implicate the validity of a conviction or continued confinement of a convicted state prisoner, the civil rights claim must be preceded by a favorable outcome in habeas corpus or similar proceedings in a state or federal forum. Absent such a favorable disposition of the charges or conviction, a plaintiff may not use 42 U.S.C. § 1983 to cast doubt on the legality of his conviction or confinement. See *Heck*, 512 U.S. at 486-87.

The court is reluctant to simply dismiss Plaintiff's Application, particularly in light of successiveness issues and the fact that the court is unclear whether Plaintiff intended the Application to be filed as a new case. However, if Plaintiff seeks to pursue the claims contained in his Application for Writ of Habeas Corpus, he must

6

do so in a separate action. Plaintiff shall have 30 days in which to inform the court of whether he would like his Application to be filed as a separate action. If Plaintiff does intend to pursue his Application as a separate case, he must also either pay the $5.00 filing fee or submit a Motion to Proceed In Forma Pauperis within 30 days. If Plaintiff does neither, the court will deny the Application and dismiss the claims contained therein.

    IT IS THEREFORE ORDERED that:

    1.    Plaintiff's claims against the State of Nebraska are dismissed without prejudice.

    2.    Plaintiff's claims against Defendant Tom P. McKenney are dismissed with prejudice.

    3.    Plaintiff's Application for Writ of Habeas Corpus (filing no. 6) will not be considered in this matter. Plaintiff shall have until **July 8, 2008** to inform the court of whether he would like his Application to be filed as a separate action. If Plaintiff does intend to pursue his Application as a separate case, he must either pay the $5.00 filing fee or submit a Motion to Proceed In Forma Pauperis by **July 8, 2008.** If Plaintiff does neither, the court will deny the Application and dismiss the claims contained therein.

    4.    The Clerk of the court is directed to send to Plaintiff the Form AO240, Application to Proceed Without Prepayment of Fees and Affidavit.

    5.    Plaintiff shall have until **July 8, 2008** to amend his Complaint to clearly state a claim upon which relief can be granted against the City of Omaha and Douglas County, as set forth in this Memorandum and Order. In the absence of Plaintiff's

filing an amended complaint, this case will be dismissed without prejudice and without further notice for failure to state a claim upon which relief may be granted.

6. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 1) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

7. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Review amended complaint on **July 8, 2008** and dismiss if not filed.

8. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

Dated June 9, 2008.

>BY THE COURT
>s/ Warren K. Urbom
>United States Senior District Judge